UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY E. KRUEGER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MIKE VICHICH,<br><br>　　　　　Defendant. | 4:23-CV-04079-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

　　　　Plaintiff, Tommy E. Krueger, filed a pro se lawsuit against Mike Vichich. Docket 1. Krueger moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 2. Krueger also moves for appointment of counsel. Docket 3.

**I.　　Motion for Leave to Proceed in Forma Pauperis**

　　　　A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen.*

*Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Krueger's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. *See* Docket 2. Thus, Krueger's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Krueger's complaint are: Vichich "stole Id[.]" Docket 1 at 3. It is not clear whether Krueger alleges that Vichich stole Krueger's identification or someone else's. The basis of the court's jurisdiction is identity theft. *Id.* at 1. Krueger's complaint appears to indicate that he is not seeking monetary damages. *Id.* at 4. The complaint alleges no other supporting facts.

### B.     Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th

Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 35 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota,* 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart,* 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does

not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### C. Jurisdictional Analysis

Based on the cursory allegations in the complaint, the court questions whether Krueger has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must first consider whether Krueger's complaint involves a dispute or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Krueger's complaint does not allege a cause of action arising under the Constitution, laws, or treaties of the United States.[1] Because federal-question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no

---

[1] While identity theft is a federal crime, *see* 18 U.S.C. § 1028, Krueger, a private plaintiff, does not have standing to enforce criminal laws. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("[T]he decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials[.]"); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (holding that private citizens cannot compel enforcement of criminal laws).

4

defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Krueger, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to Krueger's complaint, he is a resident of Sioux Falls, South Dakota. Docket 1 at 2. Krueger's complaint contains no allegations regarding Vichich's citizenship. *See id.* at 1–4. On the basis of the allegations in Krueger's complaint, the court cannot determine whether there is complete diversity of citizenship. Thus, Krueger has not met his burden of demonstrating complete diversity. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." (citation omitted)).

Krueger's complaint does not allege an amount in controversy in excess of $75,000. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("The proponent of diversity jurisdiction has the burden of proving the amount in controversy exceeds the jurisdictional minimum." (citation omitted)). In fact, Krueger's complaint indicates that he is not seeking monetary damages. Docket 1 at 4. Because the complaint does not allege complete diversity or that the amount in controversy exceeds $75,000, the court lacks subject-matter jurisdiction.

5

In his civil cover sheet (JS 44), Krueger identifies Ann Arbor, Michigan as the county of residence of the first listed defendant. Docket 1 at 6. When completing the civil cover sheet, Krueger checked a box indicating that he is a citizen of this state and that the defendant is a citizen of another state. *Id.* But he also checked a box indicating that the defendant, an individual, is incorporated or has his principal place of business in this state as well as a box indicating that the defendant is incorporated and has his principal place of business in another state. *Id.* The civil cover sheet states that Krueger is demanding $85 million in damages. *Id.*

The civil cover sheet is not a pleading and cannot supplement the pleadings to establish subject-matter jurisdiction. The civil cover sheet specifically provides that "the information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law[.]" *Id.*; *see also Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); Fed. R. Civ. P. 7 (defining pleading to include the complaint but not the civil cover sheet). Further, Krueger's civil cover sheet is internally inconsistent. His $85 million demand directly contradicts the complaint and is implausible. Krueger's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) due to lack of subject-matter jurisdiction. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216

(8th Cir. 1987) (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)).

Thus, it is ORDERED:

1. That Krueger's motion to proceed in forma pauperis (Docket 2) is granted.

2. That Krueger's complaint (Docket 1) is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) due to lack of subject-matter jurisdiction.

3. That Krueger's motion for appointment of counsel (Docket 3) is denied as moot.

Dated July 12, 2023.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE